### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

|  |  |
|---|---|
| **PROFILE PRODUCTS, LLC** | |
| *Plaintiff*, | Civil Action No. 6:13-cv-549 |
| **v.** | |
| | JURY TRIAL DEMANDED |
| **CENTRAL FIBER, LLC and CENTRAL FIBER SES LLC** | |
| *Defendants.* | |

## COMPLAINT AND JURY DEMAND

Plaintiff, Profile Products LLC alleges against defendants Central Fiber LLC and Central Fiber SES LLC the following:

## I.  THE PARTIES

1.      Plaintiff, Profile Products LLC ("Profile Products"), is a Delaware corporation having a principal place of business at 750 Lake Cook Road, Suite 440 Buffalo Grover, Illinois 60089.  Since 1999 Profile Products has been a world-leading manufacturer and supplier of hydraulically applied erosion control technologies, turf establishment blankets, turf reinforcement mats, and vegetation establishment products; including its flagship product Flexterra®.  Profile's erosion control technologies serve a range of industries including mining, oil and gas reclamation, landfills, commercial/residential construction, golf course construction and DOT/highway projects.

2.      On information and belief, defendant, Central Fiber LLC ("Central Fiber") is a Delaware corporation having a principal place of business at 4814 Fiber Lane, Wellsville, KS, 66092.

3.      On information and belief, Central Fiber manufactures and sells erosion control products and has a Tyler, Texas facility operated by Central Fiber SES LLC ("Central Fiber SES"), a Texas corporation, having a principal place of business at 2340 East Erwin Street, Tyler, Texas 75702.

## II.  JURISDICTION AND VENUE

4.      The claims plead arise under Patent Act, 35 U.S.C. § 1, et seq.

5.      Subject matter jurisdiction for the pleaded claims is conferred upon the Court by 28 U.S.C. §§ 1331, 1332, and 1338.

6.     Within this judicial district defendants have committed, and continue to commit, acts that give rise to this action, by way of making, using, selling, and offering for sale certain erosion control products.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and § 1400(b) because defendants are located in this District and have committed acts of infringement in this District, and because a substantial part of the events giving rise to Profile Product's claims occurred in this District.

## III.  FACTUAL BACKGROUND

### A.     Profile and the Spittle Patents-in-Suit

7.     On July 14, 1998, U.S. Patent No. 5,779,782 ("the '782 patent," attached as Exhibit A), entitled "Mechanically Bonded Fiber Mulch and Process for Producing the Same" was duly and lawfully issued to the inventor, Kevin S. Spittle.

8.     Profile Products is the owner by assignment of the '782 patent.

9.     On August 24, 1999, U.S. Patent No. 5,942,029 ("the '029 patent," attached as Exhibit B), entitled "Mechanically Bonded Fiber Mulch" was duly and lawfully issued to the inventor, Kevin S. Spittle.

10.     Profile Products is the owner by assignment of the '029 patent.

11.     Profile Product's '782 and '029 patents relate generally to a mechanically-bonded fiber mulch product for application over grass seed beds to increase grass seed germination and decrease soil erosion.  (Exhibit A, '782 patent at 1:5-1:10)

12.     Profile Products currently sells the mulch of Spittle's invention under the name Flexterra®.  Since its introduction, the Flexterra product has led the high performance hydraulic mulch market.

2

13.     Every Flexterra product has a prominent marking that provides notice that the product is protected by the '782 and '029 patents.

**B.     Profile and the Lougheed Patents-in-Suit**

14.     On March 23, 2010, U.S. Patent No. 7,681,353 ("the '353 patent," attached as Exhibit C), entitled "Erosion Control Medium" was duly and lawfully issued to the inventor Doris E. Lougheed.

15.     Profile Products is the owner by assignment of the '353 patent.

16.     On February 3, 2009, U.S. Patent No. 7,484,330 ("the '330 patent," attached as Exhibit D), entitled "Blended Mulch Product and Method of Making Same" was duly and lawfully issued to the inventor Doris E. Lougheed.

17.     Profile Products is the owner by assignment of the '330 patent.

18.     Profile Products '353 and '330 patents relate generally to blended mulch products which can be mixed with water and spray-applied to a ground surface to form an erosion control medium.

**C.     Defendants' Activities**

19.     On information and belief, Central Fiber has been in the business of manufacturing and selling cellulose fiber products used in erosion control systems, insulation and various industrial products and applications since 1986.

20.     On information and belief, Central Fiber SES has been in the business of manufacturing erosion control products since 2010.

21.     On information and belief, within the past few months, defendants' have begun making and selling a hydraulic fiber-mulch erosion control product under the name SprayMatrix$^{TM}$ Fiber Reinforced Matrix that infringes on Profile's '782 and '029 Spittle patents and Profile's '353 and '330 Lougheed patents.

22.     The sale of defendants' SprayMatrix mulch product has caused and will continue to cause irreparable damage to Profile Products.

## IV.  COUNT I
### INFRINGEMENT OF U.S. PATENT NO. 5,779,782

23.     Profile Product repeats the allegations of the preceding paragraphs as set forth herein.

24.      Pursuant to 35 U.S.C. § 282, the '782 patent is presumed valid.

25.     Upon information and belief, likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, defendants have infringed and continue to infringe one or more claims of the '782 patent by making, using, selling, and offering for sale, in the United States certain erosion control products, without a license, in violation of 35 U.S.C. § 271.

26.     As a result of the forgoing acts of infringement of the '782 patent, Profile Products has suffered damages and will continue to be damaged as long as those infringing activities continue.

27.     Profile Products has been irreparably harmed by defendants' infringement of the '782 patent.  Profile Products will continue to be irreparably harmed unless that infringement is enjoined.

## V.  COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 5,942,029

28.    Profile Product repeats the allegations of the preceding paragraphs as set forth herein.

29.    Pursuant to 35 U.S.C. § 282, the '029 patent is presumed valid.

30.    Upon information and belief, likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, defendants have infringed and continue to infringe one or more claims of the '029 patent by making, using, selling, and offering for sale, in the United States certain erosion control products, without a license, in violation of 35 U.S.C. § 271.

31.    As a result of the forgoing acts of infringement of the '029 patent, Profile Products has suffered damages and will continue to be damaged as long as those infringing activities continue.

32.    Profile Products has been irreparably harmed by defendants' infringement of the '029 patent.  Profile Products will continue to be irreparably harmed unless that infringement is enjoined.

## VI.  COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 7,681,353

33.    Profile Product repeats the allegations of the preceding paragraphs as set forth herein.

34.    Pursuant to 35 U.S.C. § 282, the '353 patent is presumed valid.

35.    Upon information and belief, likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, defendants have infringed and continue to

infringe one or more claims of the '353 patent, by making, using, selling and offering for sale, in the United States certain erosion control media, without a license, in violation of 35 U.S.C. § 271.

36.     As a result of the forgoing acts of infringement of the '353 patent, Profile Products has suffered damages and will continue to be damaged as long as those infringing activities continue.

37.     Profile Products has been irreparably harmed by defendants' infringement of the '353 patent.  Profile Products will continue to be irreparably harmed unless that infringement is enjoined.

## VII.    COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 7,484,330

38.     Profile Product repeats the allegations of the preceding paragraphs as set forth herein.

39.     Pursuant to 35 U.S.C. § 282, the '330 patent is presumed valid.

40.     Upon information and belief, likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, defendants have infringed and continue to infringe one or more claims of the '330 patent, by making, using, selling and offering for sale, in the United States certain erosion control media, without a license, in violation of 35 U.S.C. § 271.

41.     As a result of the forgoing acts of infringement of the '330 patent, Profile Products has suffered damages and will continue to be damaged as long as those infringing activities continue.

6

42.     Profile Products has been irreparably harmed by defendants' infringement of the '330 patent.  Profile Products will continue to be irreparably harmed unless that infringement is enjoined.

## PRAYER FOR RELIEF

**WHEREFORE**, Profile Products, LLC requests a judgment in its favor and against defendants Central Fiber LLC and Central Fiber SES LLC for the following relief:

A.     A determination and declaration that defendants have been and/or are infringing the '782, '029, '353 and '330 patents;

B.     Preliminary and permanent injunctive relief restraining defendants together with any officers, agents, servants, employees, and attorneys, and such other persons in active concert or participation with the defendants who receive actual notice of the order, from further infringement of the '782, '029, '353 and '330 patents;

C.     An award of damages to Profile Products;

D.     An award of interest on all damages awarded;

E.     Declaring this an exceptional case within the meaning of 35 U.S.C. § 285, and awarding plaintiff Profile Products its reasonable attorney's fees, costs, and disbursements;

F.     Such other and further relief as Profile Products may be entitled to.

## DEMAND FOR JURY TRIAL

Profile Products demands a trial by jury for all issues so triable.

7

Respectfully submitted,

**BROOKS KUSHMAN P.C.**

Dated:    July 23, 2013

/s/ Thomas A. Lewry by permission Wesley Hill
Thomas A. Lewry – Lead Attorney
Sangeeta G. Shah
**BROOKS KUSHMAN P.C.**
1000 Town Center, 22nd Floor
Southfield, Michigan 48075-1238
Tel:  (248) 358-4400 C Fax:  (248) 358-3351
Email: tlewry@brookskushman.com
        sshah@brookskushman.com

T. John Ward, Jr.
TX State Bar No. 00794818
Email: jw@wsfirm.com
Jack Wesley Hill
TX State Bar No. 24032294
Email: wh@wsfirm.com
Ward & Smith Law Firm
P.O. Box 1231
Longview, Texas 75601-1231
Tel: 903-757-6400
Fax: 903-757-2323

*Attorneys for Plaintiff, Profile Products, LLC*