UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **PROFILE PRODUCTS, LLC**<br><br>    *Plaintiff*,<br>**v.**<br><br>**CENTRAL FIBER, LLC** and<br>**CENTRAL FIBER SES LLC**<br><br>    *Defendants.* | Honorable Michael H. Schneider<br><br>Case No. 6:13-cv-00549-MHS<br><br>JURY TRIAL DEMANDED |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN FILED PURSUANT TO**

**Fed. R. Civ. P.  26(f)**

1. **State where and when the conference required by Federal Rule of Civil Procedure 26(f) was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers, and email address.**

The conference was held telephonically on May 8, 2014.  For Profile Products, LLC, the following counsel participated:

   Thomas A. Lewry
   Sangeeta G. Shah
   Brian Doughty
   1000 Town Center, 22nd Floor
   Southfield, Michigan 48075-1238
   Tel:  (248) 358-4400 Fax:  (248) 358-3351
   Email: tlewry@brookskushman.com
         sshah@brookskushman.com
         bdoughty@brookskushman.com

For Central Fiber, LLC and Central Fiber SES LLC, the following counsel participated:

John M. Hardy
State Bar No. 24059897
HARDY COOK & HARDY, P.C.

1

2080 Three Lakes Parkway
Tyler, Texas 75703
(903) 561-8400
(903) 561-8228 (fax)
jmh@hardylaw.com

Scott R.Brown
HOVEY WILLIAMS LLP
10801 Mastin Boulevard, Suite 1000
Overland Park, Kansas 66210
(913) 647-9050
(913) 647-9057 (fax)
srb@hoveywilliams.com

2. **List the name, address, bar number, phone and fax numbers, and email address of counsel and any unrepresented person who will appear at the Scheduling Conference on behalf of the parties. Appearing counsel must be an attorney of record, have full authority to bind clients and enter into stipulations regarding all matters that may be discussed.**

For Plaintiff:

Sangeeta G. Shah
1000 Town Center, 22nd Floor
Southfield, Michigan 48075-1238
Tel:  (248) 358-4400  Fax:  (248) 358-3351
Email:  sshah@brookskushman.com

Claire Abernathy Henry
TX State Bar No. 24053063
claire@wsfirm.com
Ward & Smith Law Firm
P.O. Box 1231
Longview, Texas 75601-1231
Tel: 903-757-6400
Fax: 903-757-2323

For Defendants:

John M. Hardy
State Bar No. 24059897
HARDY COOK & HARDY, P.C.

2080 Three Lakes Parkway
Tyler, Texas 75703
(903) 561-8400
(903) 561-8228 (fax)
jmh@hardylaw.com


   **3. List the correct names of the parties to the action.**

For Plaintiff: Profile Products, LLC

For Defendants: Central Fiber, LLC and
Central Fiber SES LLC

   **4. List any related cases pending in any state or federal court. Include the case numbers, the courts, and how they are related, including the patents involved.**

None.

   **5. Briefly summarize in three (3) pages or less: (a) What this case is about, and (b) Each claim or defense.**

For Plaintiff: This is a patent infringement case in which Profile Products LLC ("Profile Products") is asserting infringement of four (4) patents (U.S. Patent Nos. 5,779,782; 5,942,029; 7,681,353; and 7,484,330, collectively "Profile Products' asserted patents") against Central Fiber LLC ("Central Fiber").  Count I alleges infringement of U.S. Patent No. 5,779,782 ("the '782 patent").  Count II alleges infringement of U.S. Patent No. 5,942,029 ("the '029 patent"). Count III alleges infringement of U.S. Patent No. 7,681,353 ("the '353 patent").  Count IV alleges infringement of U.S. Patent No. 7,484,330 ("the '330 patent").

Profile Products is a Delaware corporation and world-leading manufacturer and supplier of hydraulically applied erosion control technologies, turf establishment blankets, turf reinforcement mats, and vegetation establishment products; including its flagship product Flexterra®.  Central Fiber, LLC is a Delaware corporation and competitor to Profile Products in the market for erosion control technologies. Central Fiber makes a product called SprayMatrix™

3

which is an erosion control technology product that directly competes with Profile Products' Flexterra® product. Profile Products alleges that at least Central Fiber's SprayMatrix$^{TM}$ Fiber Reinforced Matrix product infringes the claims of Profile Products' asserted patents. Profile Products is seeking both preliminary and permanent injunctive relief against Central Fiber as well as monetary damages.

For Defendants: Defendant Central Fiber SES LLC is commonly owned with defendant Central Fiber LLC but is not presently an operating business. Central Fiber LLC is a Delaware corporation that manufactures environmentally-friendly cellulose fiber products made primarily from recovered post-consumer newspapers, magazines and wood materials. The products are used in erosion control systems, insulation, industrial products and a host of other applications. Central Fiber makes a product called SprayMatrix$^{TM}$, which is an erosion control technology product that Profile Products' accuses of infringement of the patents-in-suit. Central Fiber denies that its SprayMatrix$^{TM}$ product infringes any claims of Profile Products' asserted patents. Central Fiber further alleges that the patents-in-suit are invalid and seeks through its counterclaims a declaration of non-infringement and invalidity of the patents-in-suit. Central Fiber also asserts affirmative defenses and seeks its costs and attorney's fees as it believes this is an exceptional case.

6. **List anticipated additional parties that may be included, when they might be added, and by whom.**

For Plaintiff: None

For Defendants: None

7. **List anticipated intervenors.**

4

For Plaintiff: None

For Defendants: None

   8. **Describe the proposed discovery/case management plan, including:**

      A. **In accordance with Rule 26(f):**

         i. **Any changes that should be made in the timing, form, or requirement for disclosures under Rule 26(a), including when the initial disclosures were made or will be made.** *See also* **Proposed Dates For Scheduling, ¶ 15;**

For Plaintiff: None

For Defendants: None

         ii. **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on limited issues. (For example, whether fact and expert discovery be conducted in phases.)** *See also* **Proposed Dates For Scheduling, ¶ 15;**

For Plaintiff: Plaintiff believes discovery will be needed regarding at least the following: technical aspects of the accused product(s), technical aspects of the process used to produce the accused product(s), revenues generated from sales of the accused product(s), and profits realized from sales of the accused product(s). Discovery should be completed by March 18, 2015 as reflected in the proposed schedule below. Plaintiff does not believe discovery should be conducted in phases or be limited to or focused on limited issues.

For Defendants: Defendants believe discovery will be needed regarding at least the following: the timing of, inspiration for, and technical aspects of the development of the alleged inventions, technical aspects of the compositions of and process used to produce any allegedly covered products sold by Plaintiff, revenues generated from sales of covered product(s), profits realized from sales of covered product(s), prior art within the knowledge or possession of Plaintiff.

5

Defendants agree discovery should be completed by March 18, 2015 as reflected in the proposed schedule below. Defendants believe discovery would be more efficient if focused first on liability issues and later on damage issues.

> **iii. In view of the Court's recent order on e-discovery, any issues relating to disclosure and discovery of electronically stored information (ESI), including the form(s) in which it should be produced;**

For Plaintiff: Plaintiff believes that documents should not be produced in TIFF format, as stated in paragraph 5.A of the Court's e-discovery order, but rather in native format. If this change is made, rather than including a footer with a sequentially ascending production number, as stated in paragraph 5.C of the Court's e-discovery order, each file should be named using a sequentially ascending production number as its filename.

For Defendants: Defendants believe the Court should not deviate from its standard order on ESI. Producing everything as a native file introduces difficulties and potential for errors that are not present if the standard procedure is followed. For instance, there is no way to redact a native file, designation of confidentiality becomes difficult and cannot be limited solely to confidential portions of a file, the lack of production numbering on each page will lead to difficulties with the record during deposition and trial, there is a potential for file alteration (inadvertent or otherwise) that could introduce unnecessary disputes as to the veracity of the data or exhibits, metadata not otherwise required by the Court's standing order would inherently be included in the production, and other issues may arise. Defendants therefore object to this change to the standing order.

> **iv. The steps already taken or that will be taken for preserving discoverable information, including ESI;**

For Plaintiff: Plaintiff has been notified by its counsel to preserve all potentially relevant documents in its possession, custody or control.

For Defendants: Defendants have been notified by their counsel to preserve all potentially relevant documents and things in their possession, custody or control.

> **v. Any issues relating to claims of privilege or protection, including whether any agreement has been reached as to inadvertent production; and**

For Plaintiff: Plaintiff does not know of any issues relating to claims of privilege or protection. While no agreement has been reached regarding inadvertent production, Plaintiff will comply with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Orders of this Court relating to issues of privilege or protection.

For Defendants: Defendants do not know of any issues relating to claims of privilege or protection. While no agreement has been reached regarding inadvertent production, Defendants will comply with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Orders of this Court relating to issues of privilege or protection.

> **vi. Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and the Court's standard Scheduling and Discovery Order available on the Court's Website.**

For Plaintiff: None

For Defendants: None

### B. Of whom and by when Plaintiff anticipates taking oral depositions.

Plaintiff will be in a better position to determine the individuals needed for oral depositions after the parties serve their initial disclosures. At a minimum, Plaintiff plans to take

individual oral depositions of Defendants' employees that have knowledge of information related to the technical and commercial aspects of the accused products in addition to a 30(b)(6) deposition of Defendants.  Plaintiff will commence scheduling the individual depositions shortly after written discovery commences and documents have been produced.

### C. Of whom and by when Defendant anticipates taking oral depositions.

Defendants will be in a better position to determine the individuals needed for oral depositions after the parties serve their initial disclosures.  At a minimum, Defendants plan to take individual oral depositions of the inventors, Plaintiff's employees that have knowledge of information related to the technical and commercial aspects of any covered products, the accused products, and in addition a 30(b)(6) deposition of Plaintiff.  Defendants will commence scheduling the individual depositions shortly after written discovery commences and documents have been produced.

### D. When Plaintiff (or the party with the burden of proof on an issue) anticipates taking expert depositions and the anticipated completion date.

Plaintiff anticipates taking expert depositions shortly following the date on which expert reports are filed but in time for the discovery deadline.

Defendants anticipate taking expert depositions shortly following the date on which expert reports are completed but in time for the discovery deadline.

### E. When the opposing party anticipates taking expert depositions and the anticipated completion date.

Plaintiff anticipates taking expert depositions shortly following the date on which expert reports are filed.

Defendants anticipate taking expert depositions shortly following the date on which expert reports are completed but in time for the discovery deadline.

**F. Whether the Court should authorize the filing under seal of any documents containing confidential information.**

Plaintiff requests that the Court authorize the filing under seal of documents containing confidential information pursuant to the Protective Order.

Defendants agree with the Plaintiff.

**G. If the parties disagree on any part of the discovery plan, describe the opposing views.**

**9. Specify any discovery beyond the initial disclosures that has taken place to date.**

No discovery, including initial disclosures, has taken place to date.

**10. State the progress made toward settlement, and the present status of settlement negotiations by providing the information set out below. (This must be a detailed answer. Do not submit a generic recitation that settlement was discussed but was unsuccessful.)**

Over the past nine months, the parties have engaged in extensive negotiations, but they were unable to come to an agreement. This effort is reflected, for example, in Docket Nos. 12-13, 18, and 20. Settlement discussions are not currently taking place.

**A. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in the Rule 26(f) meeting.**

For Plaintiff: Plaintiff does not anticipate a prompt settlement or resolution of the case.

For Defendants: Defendants believe that once claim construction is complete this case may be ripe for settlement.

    **B. Describe what each party has done or agreed to do to bring about a prompt resolution of this case.**

Over the past nine months, the parties have engaged in extensive negotiations, but they were unable to come to an agreement. This effort is reflected, for example, in Docket Nos. 12-13, 18, and 20.

    **C. State whether a demand and an offer have been made.**

Yes.

    **D. If the parties have agreed on a specific mediator, state the name and address of the mediator and at what stages of the litigation mediation is most appropriate.**

The parties plan to agree upon a mediator by the dates set forth in the agreed upon schedule below. Mediation is most appropriate at the time set forth in the agreed upon schedule below.

**11. United States Magistrate Judges are vested with full authority to try both jury and nonjury trials. State whether the parties agree to trial before a United States Magistrate Judge.**

Plaintiff does not agree to trial before a United States Magistrate Judge.

For Defendants: Defendants do not agree to trial before a United States Magistrate Judge.

**12. State whether a jury demand has been made and if it was made on time.**

Both parties timely made jury demands.

**13. List all pending motions.**

There are no pending motions.

14. **Indicate other matters peculiar to this case—including discovery—that deserve the special attention of the Court at the Scheduling Conference.**

    For Plaintiff: None.

    For Defendants: None.

15. **Certify that all parties have filed Disclosure of Interested Persons as directed in paragraph 3 in the Order to Meet, Report, and Appear at Scheduling Conference, listing the date of the original and any amendments.**

    For Plaintiff: Plaintiff has filed its corporate disclosure statement in this case (at Docket No. 5, filed July 24, 2013). Profile Products LLC is the only entity financially interested in the outcome of this litigation from the Plaintiff's side.

    For Defendants: Defendants filed their corporate disclosure statement in this case (at Docket No. 31, filed May 23, 2014).

16. **Proposed Dates for Scheduling**

    The parties have filed a draft scheduling order under separate cover. Below are the proposed dates.

| PRETRIAL EVENTS | COURT'S PROPOSED DATES | PARTIES' PROPOSED DATES |
| --- | --- | --- |
| **Rule 26(f) meeting*** | May 14, 2014 | **n/a** |
| **File case management plan*** | May 21, 2014 | **n/a** |
| Deadline to serve Initial Disclosure of Asserted Claims and Infringement Contentions (P.R. 3-1 and 3-2) | May 21, 2014 | **n/a** |
| **Rule 16(b) scheduling conference*** | June 4, 2014 | **n/a** |
| Deadline to serve initial disclosures | July 3, 2014 | |

| | | |
|---|---|---|
| Deadline to serve Initial Invalidity Contentions (P.R. 3-3 and 3-4) | July 3, 2014 | |
| Deadline to add additional parties | July 3, 2014 | |
| Deadline to amend pleadings | July 3, 2014 | |
| Deadline to exchange proposed terms for construction (P.R. 4-1) | July 17, 2014 | |
| Deadline to file motions to dismiss | August 1, 2014 | |
| Deadline to exchange privilege logs | August 1, 2014 | |
| Deadline to exchange preliminary claim construction and extrinsic evidence (P.R. 4-2) | August 8, 2014 | |
| Deadline to file Joint Claim Construction and Prehearing Statement (P.R. 4-3) | September 4, 2014 | September 5, 2014 |
| Deadline to submit **required** tutorial | September 4, 2014 | September 5, 2014 |
| Deadline to make preliminary election of asserted claims (*see* Model Order Focusing Patent Claims and Prior Art to Reduce Costs, General Order No. 13-20) and serve Final Infringement Contentions (P.R. 3-1 and 3-2) | October 3, 2014 | August 29, 2014 |
| Discovery deadline—claim construction | October 3, 2014 | |
| Deadline to make preliminary election of asserted prior art (*see* Model Order Focusing Patent Claims and Prior Art to Reduce Costs, General Order No. 13-20) and serve Final Invalidity Contentions (P.R. 3-3 and 3-4) | October 17, 2014 | October 3, 2014 |
| Deadline to file opening claim construction brief (P.R. 4-5(a)) | October 17, 2014 | |
| Deadline to file response to claim construction brief (P.R. 4-5(b)) | November 4, 2014 | |
| Deadline to file motion for summary judgment of indefiniteness | November 4, 2014 | |
| Deadline to file reply to claim construction brief (P.R. 4-5(c)) | November 12, 2014 | |

| | | |
|---|---|---|
| Deadline to file response to motion for summary judgment of indefiniteness | November 12, 2014 | |
| Deadline to file reply to motion for summary judgment of indefiniteness | November 19, 2014 | |
| Deadline to file claim construction chart (P.R. 4-5(d)) | November 19, 2014 | |
| **Claim construction hearing (i.e. *Markman* hearing) (P.R. 4-6)\*** | **December 3, 2014** | **n/a** |
| Deadline to make final election of asserted claims (*see* Model Order Focusing Patent Claims and Prior Art to Reduce Costs, General Order No. 13-20) | December 17, 2014 | 2 weeks after the Court's Markman Order |
| Deadline to make final election of asserted prior art (*see* Model Order Focusing Patent Claims and Prior Art to Reduce Costs, General Order No. 13-20) | January 16, 2015 | 6 weeks after the Court's Markman Order |
| Deadline to designate expert witnesses and reports on issues for which the party bears the burden of proof | January 16, 2015 | 6 weeks after the Court's Markman Order |
| Deadline to disclose willfulness opinions (P.R. 3-7) | February 4, 2015 | 9 weeks after the Court's Markman Order |
| Deadline to designate expert witnesses and reports on issues for which the party does not bear the burden of proof | February 18, 2015 | 11 weeks after the Court's Markman Order |
| Deadline to file letter briefs regarding dispositive motions | March 4, 2015 | |
| Deadline to notify Court of mediator | March 4, 2015 | November 21, 2014 |
| Discovery deadline | March 18, 2015 | 14 weeks after the Court's Markman Order |
| Deadline to complete **required** mediation | March 25, 2015 | December 12, 2014 |
| **Deadline for dispositive motions (including *Daubert* motions)\*** | **June 1, 2015** | **n/a** |
| Deadline for parties to exchange pretrial disclosures | July 2, 2015 | |

| | | |
|---|---|---|
| Deadline to notify Court of daily transcript or realtime request | July 2, 2015 | |
| Deadline for parties to exchange objections to pretrial disclosures | July 16, 2015 | |
| Deadline for parties to meet and confer on objections | July 23, 2015 | |
| Deadline to file pretrial materials | July 31, 2015 | |
| Deadline for parties to exchange exhibits | September 3, 2015 | |
| **Pretrial conference and trial setting *** | **September 8, 2015 at 9:00 a.m. in Tyler, Texas** | n/a |

Dated: May 23, 2014  Respectfully submitted,

/s/ Thomas A. Lewry by permission Claire Henry
Thomas A. Lewry
Sangeeta G. Shah
**BROOKS KUSHMAN P.C.**
1000 Town Center, 22nd Floor
Southfield, Michigan 48075-1238
Tel: (248) 358-4400 C Fax: (248) 358-3351
Email: tlewry@brookskushman.com
    sshah@brookskushman.com

T. John Ward, Jr.
TX State Bar No. 00794818
Email: jw@wsfirm.com
Jack Wesley Hill
TX State Bar No. 24032294
Email: wh@wsfirm.com
Claire Abernathy Henry
State Bar No. 24053063
Email: Claire@wsfirm.com
Ward & Smith Law Firm
P.O. Box 1231
Longview, Texas 75601-1231

        Tel: 903-757-6400
        Fax: 903-757-2323

        **ATTORNEYS FOR PLAINTIFF**


        /s/ Scott R. Brown  by permission Claire Henry
        John M. Hardy
        State Bar No. 24059897
        HARDY COOK & HARDY, P.C.
        2080 Three Lakes Parkway
        Tyler, Texas 75703
        (903) 561-8400
        (903) 561-8228 (fax)

        Scott R. Brown
        HOVEY WILLIAMS LLP
        10801 Mastin Boulevard, Suite 1000
        Overland Park, Kansas 66210
        (913) 647-9050
        (913) 647-9057 (fax)

        **ATTORNEYS FOR CENTRAL FIBER, LLC**
        **and CENTRAL FIBER SES LLC**

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on this the 23rd day of May, 2014.

        /s/ Claire Abernathy Henry  
        Claire Abernathy Henry